IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

LEE R BELL,

    Plaintiff,

v.                                               CASE NO. 5:14-cv-63-RS-GRJ

NURSE MIERS, and
DR. LISA HOLSTAT,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This case is before the Court on Doc. 15, Defendants' motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to exhaust administrative remedies before filing suit. Plaintiff failed to file a response to the motion to dismiss, and the Court ordered him to show cause on or before July 11, 2014, as to why the motion should not be granted. Doc. 16. As of this date, Plaintiff has failed to respond. Further, the allegations of the Complaint stem from dental care that Plaintiff received while he was confined at Apalachee C.I. Plaintiff seeks compensatory and declaratory/injunctive relief. Doc. 1. A review of the DOC's online inmate locator reflects that Plaintiff was released from confinement in May 2014, and therefore any claims for injunctive relief are moot. For the following reasons, the undersigned recommends that Defendants' motion to dismiss be granted.

### STANDARD OF REVIEW

**A. Motion to Dismiss Standard**

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a

right, privilege, or immunity secured by the Constitution or laws of the United States. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir.1995).  If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claims, then the complaint is subject to dismissal.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); *Ashcroft v. Iqbal*, 556 U.S. 662, 680-84 (2009) (*Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible.").

### B.  Exhaustion Requirement

The Prison Litigation Reform Act, 42, U.S.C. § 1997e(a), requires a prisoner to exhaust all available administrative remedies before filing an action challenging prison conditions.  "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."  *Jones v. Bock,* 549 U.S. 199, 211 (2002)*.*

Further, the PLRA's exhaustion requirement contains a procedural default component; prisoners must comply with the applicable deadlines, or good-cause standards for failure to comply, contained in the administrative grievance procedures. *Johnson v. Meadows*, 418 F.3d 1152, 1158 (11th Cir. 2005).  "'[A] prisoner who does not

properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating. . . . [T]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.'" *Id*. (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024-25 (7th Cir. 2002)).

The Florida Administrative Code provides an administrative remedy process for inmates of facilities within the Florida Department of Corrections.  With certain exceptions, inmates initiate the process by submitting an informal grievance.   If the inmate is dissatisfied with the response to the informal grievance, he can submit a formal grievance at the institutional level within 15 days of the response to the informal grievance.  If the inmate is dissatisfied with the response to the formal grievance, to exhaust administrative remedies he must file an appeal with the Office of the Secretary within 15 days of the response to the formal grievance.[1]

In the Eleventh Circuit, the defense of failure to exhaust under the PLRA is considered a matter in abatement under Fed. R. Civ. P. 12 and, thus, is treated like a defense of lack of jurisdiction.  *Bryant v. Rich,* 530 F.3d 1368, 1374, 1376 (11th Cir. 2008)*.*  Deciding a motion to dismiss for failure to exhaust administrative remedies requires a two-step process as established in *Turner v. Burnside,* 541 F.3d 1077, 1082 (11th Cir. 2008)*.*  The Court first "looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes plaintiff's version of the facts as true.  If, in that light, the defendant is entitled to have

---

[1] *See* Fla. Admin. Code § 33-103.005-008, § 33-103.011(c).

the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Id.* at 1082. If the complaint is not subject to dismissal through the first step, the Court "proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.*

## DISCUSSION

The events underlying the Complaint commenced in April 2013 while Plaintiff was confined at Apalachee. Doc. 1. Plaintiff sought treatment for severe tooth pain and swelling beginning on April 18. Plaintiff was given ibuprofen and saw a nurse but the pain and swelling continued. On April 23, he was treated with antibiotics and examined by a doctor, who x-rayed the affected tooth. Plaintiff was then immediately transferred to the Reception and Medical Center in Lake Butler, where the tooth was extracted. Plaintiff contends that the treatment he received at Apalachee amounted to deliberate indifference to a serious medical need. Doc. 1.

Defendants' motion and exhibits set forth uncontroverted facts showing that Plaintiff failed to exhaust his administrative remedies as to his claims in this case prior to filing suit. The affidavit of Keisha Jones, Classification Supervisor at Apalachee, reflects that Plaintiff filed no formal grievances with the institution regarding his dental treatment. Doc. 15 Exh. A. The affidavit of Shirley A. Johnson, a DOC Administrative Assistant, reflects that Plaintiff filed two grievance appeals regarding dental treatment at Apalachee, but the appeals were returned because Plaintiff had failed to comply with the grievance process by filing formal institutional grievances. Doc. 15 Exh. B.

On this record, it is clear that Plaintiff failed to comply with the DOC's administrative remedy process before filing this suit and Plaintiff has failed to show

cause as to why the motion to dismiss should not be granted.  Pursuant to the PLRA, this case must be dismissed for failure to exhaust administrative remedies.  *See Jones,* 549 U.S. at 211.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's Motion to Dismiss, Doc. 15, be **GRANTED** and this case **DISMISSED** for failure to exhaust administrative remedies before filing suit.

**IN CHAMBERS**  this 5th day of November  2014.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**